UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA TOUSIGNANT and<br>HEATHER WELSCH, individually and on<br>behalf of all those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SCHNEIDER ELECTRIC USA, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)    Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Joshua Tousignant and Heather Welsch (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by and through undersigned counsel, allege as follows:

### PRELIMINARY STATEMENT

1. This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), brought by Plaintiffs against Defendant Schneider Electric USA, Inc. ("Defendant" or "Schneider Electric"), for failing to pay Plaintiffs overtime wages owed in violation of the FLSA. At all times relevant to this action, Defendant failed to pay overtime compensation at a rate of one and one-half their regular hourly rate of pay due to Plaintiffs for all hours worked over forty in a workweek. Plaintiffs seek to recover unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs, and all other relief to which they are entitled.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have asserted a claim pursuant to the FLSA.

1

3. Venue is proper in this Court because Defendant resides in this District.

**PARTIES**

*Plaintiffs*

4. Plaintiff Joshua Tousignant is an adult resident of Gun Barrel City, Texas. From approximately July 2017 through February 2018, Mr. Tousignant worked as a warehouse associate for Defendant at Defendant's warehouse located in Athens, Texas and was not paid overtime compensation at a rate of one and one-half times his regular hourly rate for all hours he worked in excess of 40 each workweek.

5. Plaintiff Heather Welsch is an adult resident of Kemp, Texas. From approximately July 2017 through the present, Ms. Welsch worked as a warehouse associate for Defendant at Defendant's warehouse located in Athens, Texas and was not paid overtime compensation at a rate of one and one-half times her regular hourly rate for all hours she worked in excess of 40 each workweek.

6. At all relevant times, as an employee of Defendant, Plaintiffs were engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

7. Defendant Schneider Electric USA Inc. is Delaware corporation with its headquarters located in Andover, Massachusetts. Schneider Electric is a global specialist in energy management and automation.

8. At all relevant times, Schneider Electric was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

9. At all relevant times, Schneider Electric has employed two or more persons, including Plaintiffs, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

10. At all relevant times, Schneider Electric achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

11. Defendant issued paychecks to Plaintiffs and all similarly situated employees during their employment.

12. Defendant directed the work of Plaintiffs and similarly situated employees and benefited from work performed that Defendant suffered or permitted from them.

13. Defendant did not pay Plaintiffs and similarly situated employees overtime wages at a rate of one and one-half times their regular hourly rate of pay for all hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

14. Plaintiffs worked for Defendant as warehouse associates. Plaintiffs' primary duty was to "pick" products that had been ordered from the warehouse using a forklift.

15. At all relevant times, Plaintiffs were classified by Defendant as non-exempt under the FLSA, but were not paid overtime at a rate of one and one-half times their regular hourly rate of pay for all hours worked over 40 in a workweek.

16. Defendant tracked Plaintiffs' hours worked by requiring them to clock in and out on a time clock.

17. During the relevant time period, Plaintiffs and other warehouse associates regularly worked more than 40 hours per week and were not paid overtime pay at a rate of one and one-half times their regular hourly rate of pay for hours worked over 40 in a workweek.

18. Through its unlawful actions, Defendant has deprived warehouse associates of overtime wages owed to them.

19. Defendant acted willfully in failing to pay overtime compensation to warehouse associates at one and one-half their regular hourly rate of pay for all hours worked over 40 in a workweek. Defendant knew or should have known that warehouse associates, who were classified as non-exempt, were required to be paid overtime compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked over 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring their FLSA claims on behalf of all similarly situated individuals who have worked for Defendant in the United States as warehouse associates (however titled), have not received overtime wages at a rate of one and one-half times their regular hourly rate of pay owed to them during the three-year period prior to the filing of the Complaint, and who may choose to "opt in" to this case under the FLSA, 29 U.S.C. § 216(b).

21. The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

22. Schneider Electric has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

23. All potential opt-in plaintiffs are similarly situated as to these claims, because they all were employed by Schneider Electric as warehouse associates, primarily performed the same or similar job duties, were not paid overtime wages at a rate of one and one-half times their regular hourly rate of pay for hours over 40 worked in a workweek, and Schneider

Electric's compensation practices are uniform as to all potential plaintiffs and result in the alleged violation of the FLSA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Pursuant to 29 U.S.C. § 216(b), Plaintiffs consent to sue as plaintiffs under the Fair Labor Standards Act. Mr. Tousignant's and Ms. Welsch's consent to sue forms are attached to this Complaint as "Exhibit 1."

## COUNT I - FAIR LABOR STANDARDS ACT

25. Plaintiffs re-allege and incorporate by reference Paragraphs 1-24 as if alleged fully herein.

26. As set forth above, Defendant's failure to pay overtime compensation to employees who have worked for Defendant as warehouse associates and have not received overtime wages at a rate of one and one-half times their regular hourly rate of pay owed to them during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207. This claim is brought by the named Plaintiffs on behalf of themselves and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

27. Defendant's failure to pay Plaintiffs and similarly situated employees in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

28. Plaintiffs seek unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages or pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

29. Plaintiffs demand a trial by jury on all of their claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court grant the following relief:

A. Authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b);

B. An award of all damages for unpaid wages and compensation that are due to the named Plaintiffs and all similarly situated employees under the FLSA;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

D. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

E. Attorneys' fees and costs;

F. Pre- and post-interest; and

G. Any other relief to which the named plaintiffs and similarly situated individuals may be entitled.

Dated: March 7, 2018                                Respectfully submitted,

*/s/ Sergei Lemberg*
Sergei Lemberg, Esq.
Tamra Givens, Esq. (to be admitted *pro hac vice*)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

*Attorney for Plaintiffs*